IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY R. DUTTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  **CIVIL CASE NO. 04-404-PMF** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge:**

Plaintiff, Terry R. Dutton, seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability benefits and supplemental security income. An Administrative Law Judge (ALJ) denied Dutton's applications, finding that he was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g) and 42 U.S.C. §1383(c)(3).

To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D).

The Social Security regulations provide for a five-step sequential inquiry that must be

followed in determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy.  *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).  If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job.  *Id*.

The ALJ evaluated plaintiff's application through Step 5 of the sequential evaluation process and decided that plaintiff had severe impairments (left eye blindness, carpal tunnel syndrome, cervical spine stenosis, C 5-6 plexopathy and ischemic heart disease) that did not meet or equal a listed impairment.  The ALJ decided that plaintiff retained the ability to perform a restricted range of sedentary work.  Although plaintiff was no longer able to perform the same work he performed in the past, the ALJ found that plaintiff was not disabled because he could perform a significant number of hand packer, stock handler and bagger, inspector, and assembler jobs (R. 17-22).

### I.    ALJ's Consideration of Material Evidence

Plaintiff argues that the ALJ failed to consider material evidence and that the error influenced her assessment of the credibility of his testimony and her assessment of the extent to which his impairments reduced his ability to perform work tasks.  Specifically, plaintiff points to a questionnaire completed by his primary care physician on May 13, 2002.  Responses show that plaintiff suffered from persistent low back pain, right leg numbness, and loss of sensation in his right leg due to a herniated disc at L5 and right leg neuropathy.  He walked with a limp.  Dr. Bose formed the opinion that, due to pain, plaintiff needed to change his position or posture more than once every

two hours (R. 192-193). The record contains additional evidence that plaintiff suffered symptoms of back pain (R. 135, 142, 144, 145). At the evidentiary hearing, plaintiff described his ability to function in the workplace and estimated that he could sit for 45 minutes (R. 46).

The ALJ made her decision on November 24, 2003. She evaluated portions of Dr. Bose's records but did not mention the questionnaire responses describing plaintiff's physical condition and an opinion regarding plaintiff's functional limitations (R. 18). When the ALJ evaluated the credibility of plaintiff's testimony regarding his symptoms and limitations, she discredited some of plaintiff's statements on the basis that he "did not report back pain until very recently" and "does not have any severe impairment which would be expected to cause" the sitting and standing limitations he described (R. 19). Hence, the ALJ assessed plaintiff's residual functional capacity without describing limits on plaintiff's ability to sit (R. 22).

Defendant argues that the ALJ's decision is supported by substantial evidence, pointing to reports and testimony that support the ALJ's decision. This argument sidesteps plaintiff's claim for remand. Plaintiff does not challenge the sufficiency of the evidence supporting the decision but argues that the decision was not legally correct because of a serious error.

One of the legal rules governing social security determinations is that ALJs must consider all relevant evidence and may not select and discuss only that evidence that favors an ultimate conclusion. *Herron v. Shalala*, 19 F.3d at 333; *Edwards v. Sullivan*, 985 F.2d 334, 337 (7th Cir. 1993). In particular, ALJs should consider and discuss all medical evidence that is credible, supported by clinical findings, and relevant to the question at hand. *Edwards v. Sullivan*, 985 F.2d at 227; *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir.1984).

Defendant suggests that information on the questionnaire was not relevant or significant. She points out that the questionnaire was not consistent with other portions of the record and might

reflect the condition and limitations of someone other than the plaintiff.

For a number of reasons, the questionnaire was relevant to the administrative proceedings. First, the report described physical impairments that had a significant impact on plaintiff's ability to perform work functions. Second, the report described plaintiff's condition during the period he claimed to be disabled. Third, the report reflects the medical opinion of a treating physician regarding plaintiff's physical impairments and functional limitations. Fourth, the report is based on physical findings and test results, namely paraspinal muscle tenderness, electrodiagnostic testing (EMG/NCS) and magnetic resonance imaging (MRI).

A medical opinion can be rejected outright if it is inconsistent with other evidence. *Knight v. Mater*, 55 F.3d 309, 314 (7th Cir.1995). However, principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the decision that were not given by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th cir 2002). That is, the Court requires ALJs to explain how a piece of medical evidence was evaluated. Otherwise, the record does not show whether the evidence was properly rejected or merely overlooked. *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2001)(remanding when the ALJ failed to discuss a doctor's report that conflicted with the ALJ's finding that the claimant was not disabled).

The ALJ should have summarized the questionnaire and minimally explained the weight accorded to the findings and and medical opinion. The omission is a legal error that is serious enough to detract from the reliability of the ALJ's assessment of plaintiff's testimony and the extent of his physical limitations. Because a reasonable ALJ could consider the questionnaire in light of other evidence in the record and reach a favorable decision, remand is required. *Sarchet v. Chater*, 78 F.3d 305, 308 (7th Cir.1996).

**II.     Conclusion**

IT IS ORDERED that the Commissioner's final decision denying Terry R. Dutton's applications for disability benefits and supplemental security income is REVERSED.

IT IS FURTHER ORDERED that this case is REMANDED for further proceedings and a new decision. Judgment will enter pursuant to the fourth paragraph of 42 U.S.C. § 504(g). On remand, the ALJ should evaluate the May 13, 2002, questionnaire completed by Dr. Bose, reconsider the credibility of plaintiff's testimony, and reconsider plaintiff's residual functional capacity.

SO ORDERED:     March 21, 2006     .

                                               S/Philip M. Frazier
                                             **PHILIP M. FRAZIER**
                                             **UNITED STATES MAGISTRATE JUDGE**